## THE PEOPLE *vs.* JOSEPH BOUJET.

Where, on a trial for burglary, the articles of property alleged to have been
burglariously stolen were found in the possession of M., an alleged accom-
plice of the prisoner, and were brought to the prosecutor and identified by
him, proof of the confession of the prisoner that he and M. went to the
house of the prosecutor together, and that the prisoner waited without while
M. entered the house through the window and stole the articles, and that
they then went away together, is sufficient evidence of the identity of the
articles and the guilt of the prisoner.

Where two persons acted in concert in planning and executing a burglary,
and one of them entered the house and brought out the property while the
other waited on the outside, both were held to be guilty of a breaking and
entering.

The prisoner was indicted for burglary, committed in the
dwelling house of Elias Dewey.

Dewey proved the breaking of his house in the night time,
and that a gun and hat were stolen out, which he did not miss
till afterwards.  He heard the prisoner was taken, and that his
gun and hat were in the possession of N. Nichols.  He sent
his son for them, and he returned with them.  The gun and
hat were found in the possession of M. Moran.  Nichols testi-
fied that he delivered them to the son of Dewey after the arrest
of the prisoner, and that the prisoner confessed that he and
Moran went to the house of Dewey together; that he waited
without, while Moran entered the house through the window
and stole the hat and gun, and that they both went off together.

*C. Nichols*, for the prisoner, objected that there was not
sufficient proof of the identity of the articles, and the prisoner
was not guilty of the burglary.

*J. Palmer*, (District Attorney,) for the people.

WALWORTH, *Circuit Judge.*—Under the circumstances of this
case, there is sufficient proof of the identity of the articles, con-

nected with the confessions of the prisoner, to prove that the felony was committed, without producing the son of Dewey, who took the gun and hat from Nichols and delivered them to his father. The breaking and entering the house by Moran, was in law a breaking and entering by both; and the prisoner is guilty of burglary as much as if he had entered in person and stolen the goods.

Prisoner convicted of burglary.

WARREN OYER AND TERMINER, July 11, 1823.   Before *Walworth,* Circuit Judge, and the County Judges.